THE JOSEPHUS (two cases).

(District Court, D. Rhode Island. June 2, 1902.)

Nos. 1,092, 1,094.

1. SALVAGE—SERVICES IN SAVING BURNING BARGE—NEGLIGENCE OF TUG IN LEAVING TOW.

The steam tug R. B. Little, having three barges in tow, owing to rough weather anchored them in Newport outer harbor, and proceeded to the dock, from a quarter to a half mile distant, for the purpose of communicating with owners, and remained there during the night, with her crew aboard, and with steam up ready to go to the sea at short notice. About midnight one of the barges took fire, and the Little at once went to her aid, and with the assistance of another tug, which arrived a little later, extinguished the fire, saving about half the value of the barge. Held, that the service of the tugs was a salvage service, and that, under the circumstances, the Little was not chargeable with negligence in leaving her tow, which would debar her from sharing in the salvage award.

In Admiralty. Suits to recover for salvage services.

J. Stacy Brown and Herbert A. Rice, for libelants Sullivan and others.

Matteson & Healy, for libelants Tice and others.

Carpenter & Park, for claimants.

BROWN, District Judge. These libels are for salvage services rendered by the steam tugs Henry T. Sisson and R. B. Little in extinguishing a fire on the wooden barge Josephus. The barge was on her way from Providence to Philadelphia, with two other barges, in tow of the steam tug R. B. Little. The tug, on account of rough weather, anchored her tow in Newport outer harbor between 5 and 6 o'clock on the afternoon of September 15, 1901, and then went to a dock at Newport, from a quarter to half a mile distant, leaving the Josephus with her master and crew of four men aboard, who were all asleep when fire broke out on the barge not far from midnight. The fire had made such headway before its discovery that little more could be done than to strip the cabin before it became necessary to abandon the barge. Without assistance the barge would have been a total loss. With the assistance of the salvors, and of men from the Torpedo station, about half her value was saved. For the purpose of estimating the amount of the award, the value saved may be taken as about $10,000.

While it has been urged that the R. B. Little is debarred by her negligence from claiming salvage, since she was at a dock from a quarter to half a mile away from the anchorage of the barges, and not in immediate attendance, I am of the opinion that there is no sufficient evidence to show that she was guilty of negligence towards the barge in going to the dock to communicate with owners, or in remaining there with her crew aboard, and with steam up, ready to go to sea at short notice. Upon the evidence in the case the service rendered by

the Little in extinguishing the fire must be regarded as a salvage service. The Connemara, 108 U. S. 352, 2 Sup. Ct. 754, 27 L. Ed. 751.

The Little arrived at the barge first, and before the arrival of the Sisson did some work, but her hose was not well adapted for fire-fighting purposes. The Sisson arrived somewhat later, but her fire equipment was much better, her pump was more powerful, and she was better provided with hose, and the water thrown by the Sisson was much more effective than that thrown by the Little. Though the Sisson was last to arrive, and came with a picked-up crew, comprising, among others, the chief engineer of the Newport fire department, a substitute engineer from another steamer, and a night editor from the Newport Herald, who acted as deckhand, I am of the opinion that, according to the weight of evidence, her services were more meritorious and efficient than the services of the Little. The Sisson certainly is entitled to credit for promptness and diligence in getting together a crew, and she was able to take to the fire Kirwin, chief engineer of the Newport fire department, who assumed charge in fighting the fire, and whose conduct seems to have been diligent and commendable, and to have exposed him to some danger and to considerable discomfort. The Little is said to have been scorched to some extent, but the pecuniary damage is not proven.

Upon all the circumstances, I am of the opinion that the sum of $2,000 is a reasonable award for the services of the two tugs and the persons on them, and that the award should be apportioned as follows: $1,250 to the Henry T. Sisson, and $750 to the R. B. Little.

According to the undisputed testimony the fire was outside the established harbor line, and its extinction was not within the jurisdiction or duties of the chief engineer of the Newport fire department. He is therefore entitled to share in the award to the Sisson.

The sum of $1,250 awarded to the Henry T. Sisson will be apportioned, $800 to the owner, $200 to Kirwin, $100 to the master of the Sisson, $60 to the acting engineer, the remainder to be equally divided between the other persons aboard while she was at the fire. The sum of $750 awarded to the R. B. Little will be apportioned, $500 to the owners, $50 to her master, and the remainder will be divided among her crew in proportion to their wages. Efficient and commendable aid was given by men from the torpedo station, who were sent out in a launch. No claim, however, has been made in their behalf, and the present award is merely for the services of the two tugs.

I am further of the opinion that the libelants are entitled to costs. A decree may be presented accordingly.